UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY SHERIFF DEPUTY GRUBB; SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT; DAVES TOWING; RONNIE ESTRADA; and DOES 1-100,<br><br>Defendants. | No. 2:23-cv-0869-TLN-SCR<br><br>FINDINGS & RECOMMENDATIONS REGARDING DISMISSAL FOR FAILURE TO PROSECUTE |

Plaintiff is proceeding pro se in this matter. The action was accordingly referred to Magistrate Judge Barnes for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff filed the complaint in this matter on May 10, 2023, a First Amended Complaint on March 11, 2024, and a Second Amended Complaint on September 6, 2024. ECF Nos. 1, 9, 22. On August 6, 2024, the case was reassigned to the undersigned. ECF No. 21.

The Court held a pretrial scheduling conference in this action on January 23, 2025. See ECF No. 30. Counsel for Defendants appeared, but Plaintiff was not present. Defendants asserted that they have only seen Plaintiff once and have not had any communications from him about this case or the scheduling conference.

///

1

On January 27, 2025, the Court issued an Order to Show Cause within 14 days as to why this case should not be dismissed for Plaintiff's failure to prosecute. ECF No. 31. When it was returned as undeliverable on February 7, 2025, Plaintiff was given until March 17, 2025, to file a Notice of Change of Address. To date, Plaintiff has not filed a Notice of Change of Address or responded to the Order to Show Cause.

The Court now recommends that this action be dismissed for failure to prosecute and failure to comply with the Court's orders. In recommending dismissal, the Court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that Defendants did not object to the Order to Show Cause, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal. The Court has considered less drastic alternatives, but in light of Plaintiff's failure to appear at the pretrial scheduling conference or thereafter, dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that this case be DISMISSED WITHOUT PREJUDICE for lack of prosecution.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

///

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3